## DELTA CHEMICALS, INC.

v.

## INHABITANTS OF the TOWN OF SEARSPORT.

Supreme Judicial Court of Maine.

Argued Nov. 6, 1981.

Decided Dec. 22, 1981.

Rudman & Winchell, Frank T. McGuire (orally), Clark P. Thompson, Paul L. Rudman, Bangor, for plaintiff.

Peter K. Mason (orally), Searsport, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, VIOLETTE and WATHEN, JJ.

---

VIOLETTE, Justice.

Plaintiff, Delta Chemicals, appeals from an order of the Superior Court, Waldo County, affirming a decision of the Searsport Board of Assessment Review which refused to grant an abatement of plaintiff's property taxes. The plaintiff's grounds for appeal are twofold: first, that the method used by the Searsport Tax Assessor to arrive at the 1979 assessed valuation of plaintiff's property had a potential for unequal apportionment of the tax burden; and second, that the 1979 assessed value of plaintiff's land was in excess of its just value. We affirm the decision of the Superior Court.

In 1970, the Town of Searsport contracted with professional appraisers to appraise all land in Searsport for tax assessment purposes. In the years following 1970, the town tax assessor used the 1970 figures as a base, and applied a 20% increase to all property in 1975, and 80% increase to all industrial property in 1977 and a 15% increase to all industrial property in 1979. Using this method, the town tax assessor assessed plaintiff's land in 1979 at $353,300.00. The tax assessor testified at the tax abatement hearing that for the 1977 and 1979 increases he took an average of *all* property sales in Searsport and applied that average increase in market value to all industrial properties because there were no sales of industrial property in Searsport. The plaintiff does not claim ·in this appeal, that the method used in 1970 by the professional appraisers was unfair or resulted in an excess valuation of its property. Rather, plaintiff claims only that the method used to reach the 1979 increase had a potential for unequal apportionment of the tax burden and resulted in an excess valuation of its property.

On appeal, a tax assessor's judgment will not be overturned unless "so unreasonable in the light of the circumstances that the property is substantially overval-

ued and an injustice results, or that there is an unjust discrimination, or that the assessment was in some way fraudulent, dishonest or illegal." *Shawmut Inn v. Inhabitants of the Town of Kennebunkport*, Me., 428 A.2d 384, 393 (1981); *Sears, Roebuck & Co. v. Inhabitants of the City of Presque Isle*, 150 Me. 181, 189, 107 A.2d 475, 479 (1954). Further, a tax assessment is presumed valid and the burden of proving that assessed value is in excess of just value is on the person seeking abatement. *See Sweet v. City of Auburn*, 134 Me. 28, 32–33, 180 A. 803, 805 (1935). The taxpayer seeking abatement carries that burden by proving that the assessed valuation in relation to the just value is "manifestly wrong". *See Sears, Roebuck & Co. v. Inhabitants of the City of Presque Isle*, 150 Me. 181, 189, 107 A.2d 475, 477 (1954).

This Court has previously stated that we will permit local assessors considerable leeway in choosing a method to reach just valuation of property. *See Shawmut Inn v. Inhabitants of the Town of Kennebunkport*, Me., 428 A.2d 384, 390 (1981). On the record before us, the plaintiff has not sustained its burden of proving that the assessment method used had a potential for an unequal apportionment of the tax burden and that its use resulted in an excess valuation of plaintiff's property.[1] Accordingly, the findings of the Superior Court judge were not clearly erroneous.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

1. Our decision is not a holding that we approve the method of determining the just value of plaintiff's property employed by the tax assessor in this case nor that the absence of industri-

al sales within the municipality relieves him from employing professionally recognized methods in determining such value.