## GREAT NORTHERN NEKOOSA CORPORATION

v.

## STATE TAX ASSESSOR, et al.

Supreme Judicial Court of Maine.

Argued March 10, 1987.

Decided April 2, 1987.

Daniel W. Emery, James G. Good (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

James E. Tierney, Atty. Gen., Francis E. Ackerman (orally), Crombie J.D. Garrett, Jr., Asst. Attys. Gen., Augusta, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff Great Northern Nekoosa Corporation appeals from an order of the Superior Court (Kennebec County) denying its appeal of a tax abatement decision of the State Board of Assessment Review.[1] Plaintiff contends the State Tax Assessor failed to appropriately consider federal and state income taxes in the process of valuing its property. We find no error and deny the appeal.

The relevant facts may be summarized as follows: The subject properties are four hydroelectric facilities used by plaintiff in the operation of its paper mills and located wholly or partly in unorganized territory. Pursuant to 36 M.R.S.A. § 381 (1978 and Supp.1986), the State Tax Assessor valued these properties for purposes of property taxation. Plaintiff unsuccessfully applied to the State Tax Assessor for a tax abate-

---

1. The Board of Assessment Review has been replaced by the State Board of Property Tax pursuant to 36 M.R.S.A. § 271 (Supp.1986).

ment for the tax years of 1981 through 1984. In 1981, the Assessor used an estimation of replacement cost less depreciation as a basis for making a determination of value. In the three later years, the Assessor used a method of appraisal described as the capitalization of cost savings approach. Plaintiff argued before the Board and now argues here that the Assessor erred as a matter of law in failing to adjust the income resulting from cost savings by an amount equal to state and federal income taxes calculated at the marginal rate. In affirming the decision of the State Tax Assessor, the Board "could find no reason to conclude that the formula used by the State in arriving at the assessed valuations of the properties for the years in question was in error." The Superior Court later affirmed this decision after finding that the Board's decision was adequately supported by evidence in the record.

▬ Initially we note that in seeking an abatement, plaintiff is charged with the burden of proving that the assessed valuation in relation to just value is manifestly wrong. *Delta Chemicals, Inc. v. Inhabitants of Searsport*, 438 A.2d 483, 484 (Me. 1981). Plaintiff's argument on appeal is unpersuasive because it attempts to treat the inclusion of income taxes in the valuation formula as presenting a strict question of law. Such a question is one of methodology only and in the final analysis it is a question of fact whether any formula results in a determination of just value. The plaintiff has failed to discharge its burden of proving that the assessments in question are manifestly wrong.

The entry is:

Judgment affirmed.

All concurring.