**CITY OF WATERVILLE, et al.**

v.

**WATERVILLE HOMES, INC.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1994.

Decided March 8, 1995.

.Albert V. Federle, Jr. (orally), City Sol., Waterville, for plaintiff.

Waldemar G. Buschmann (orally), Cheryl H. Fasse, Weeks & Hutchins, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Waterville Homes appeals from a judgment entered in the Superior Court (Kennebec County, *Mills, J.*) vacating a State Board of Property Tax Review [hereinafter

"Board"] decision granting tax abatements to Waterville Homes. The trial court held that the Board's decision was not supported by substantial evidence on the record. Finding no error, we affirm the judgment.

The property that is the subject of this appeal was built in Waterville in 1971 and was originally operated as a textile mill. Guido Salvadore, then a principal of Gano Associates, purchased it from FAME in 1983 for $665,000. Although Gano Associates later changed its name to Waterville Homes, Salvadore remains a principal. Waterville Homes has been largely unsuccessful in its efforts to lease the property, experiencing a 10–20% occupation rate in the property since its purchase. The City originally valued the property for assessment purposes at $2,800,-000 for the 1984–85 tax year. As a result of negotiations between Salvadore and the mayor's office, the property was assessed at $1,000,000 for the 1984–85 tax year; $1,300,-000 for the 1985–86 tax year; and $1,500,000 for the 1986–87 year.

During the 1987–88 tax year assessments increased citywide, bringing the assessment of the property to $1,955,000. Waterville Homes sought no abatement for that tax year. For the 1988–89 tax year, the property was assessed at $2,869,310. The City's assessor received a request for abatement for the 1988–89 taxes from Waterville Homes, which she denied. For the 1989–90 tax year, the assessment was again committed at $2,869,310. Waterville Homes sought and was denied another abatement.

Waterville Homes appealed the denials of abatement to the Waterville Board of Assessment Review pursuant to 36 M.R.S.A. § 843(1) (Supp.1994). The Board of Assessment Review denied both requests for abatement. After the two appeals were consolidated before the Board, 36 M.R.S.A. § 843(1–A) (1990), the Board granted Waterville Homes the abatement it requested for both years in question. The City filed a complaint for judicial review in the Superior Court of the Board's decision pursuant to M.R.Civ.P. 80C. After a hearing, the trial court vacated the decision of the Board and Waterville Homes appealed.

When the Superior Court acts as an appellate body, we review directly the decision of the Board to determine if its findings are supported by substantial evidence on the record. *Town of Vienna v. Kokernak,* 612 A.2d 870, 872 (Me.1992). In concluding that Waterville Homes was entitled to an abatement, the Board impliedly found that the company met its burden to show the City's assessment was "manifestly wrong." Such a finding is not supported by substantial evidence on the record.

Indeed, the evidence of value presented by Waterville Homes before the Board was astonishingly meager, consisting only of the opinion of the owner that the property should be assessed at either $665,000, his purchase price for the property, or at no more than $1,500,000, the assessment for the 1986–87 tax year. The Board found the owner's purchase price figure of $665,000 was suspect because it "appears not to be an arm's length transaction." It also "hesitate[d] to give much weight to Mr. Salvadore's opinion that the value is $1,500,000 solely because it may have been an agreed upon figure at one point in time."

The balance of Waterville Homes's case consisted of impeachment of the City's assessment through cross-examination of the City's assessor and the former chairman of the City's board of assessment review. That impeachment was successful to the extent that it left the Board with reservations about the accuracy of the City's assessment and prompted an observation in the Board's written decision that "the evidence of value provided by each party lacks validity."

Waterville Homes contends that its failure to provide the Board with credible evidence of the just value of the property is unimportant in light of its successful impeachment of the City's assessment. Impeachment alone, it argues, is enough to meet its burden to prove that the City's assessment was "manifestly wrong." This argument is contrary to the law. "The petitioner for an abatement of taxes must prove his case. He must show that the property is overrated." *Sears, Roebuck & Co. v. City of Presque Isle, et al.,* 150 Me. 181, 186, 107 A.2d 475, 477 (1954) (citing *Sweet v. City of*

*Auburn,* 134 Me. 28, 180 A. 803 (1935); *Shawmut Mfg. Co. v. Town of Benton,* 123 Me. 121, 122 A. 49 (1923)). Stated another way,

> the burden of proving that assessed value is in excess of just value is on the person seeking abatement ... The taxpayer seeking abatement carries that burden by proving that the assessed valuation *in relation to the just value* is "manifestly wrong."

*Delta Chemicals v. Inhabitants of Searsport,* 438 A.2d 483, 484 (Me.1981) (citation omitted) (emphasis added). The judgment that a property's assessed value is in excess of just value requires a comparison between the local assessment and the version of value that the petitioner for abatement contends is the just one. If the petitioner for abatement fails to provide the Board with evidence of just value that the Board deems credible, the Board has no basis in the petitioner's case for comparing the local assessment and the petitioner's version of just value. If the Board rejects the petitioner's evidence of just value, as it did here, and then remedies the deficiencies in the petitioner's proof by making its own calculation of just value independently of the petitioner's proof, the Board relieves the petitioner of its burden to prove that "the assessed valuation in relation to the just value is 'manifestly wrong'." *Id.*

That is precisely what happened in this case. Instead of denying the request of Waterville Homes for an abatement once it rejected the company's scant evidence of the property's just value, the Board went on to arrive at a judgment of value by, among other things, applying higher reduction percentages for depreciation and economic obsolescence than those applied by the City. Using this technique, as well as others that are unclear from its decision, the Board concluded that the assessed value for the two tax years at issue should be reduced to $1,500,-000, the same figure urged by Waterville Homes and already rejected by the Board as

lacking validity. This curious result is unsupported by any evidence of value from Waterville Homes deemed credible by the Board. It is the product only of impeachment of the City's assessment, unrelated to any credible, affirmative evidence of just value that was required to provide a basis for the Board's comparative judgment that the property was assessed in excess of just value.[1] It represents a clear misapplication of the burden of proof by the Board to the company's request for an abatement.

The entry is:

Judgment affirmed.

All concurring.

---

1. We do not suggest that a petitioner seeking a tax abatement must provide affirmative evidence of just value through the use of expert witnesses. We recognize the well-established principle that a property owner is entitled to offer an opinion on the value of the property for which an abatement is sought. Such an opinion might provide evidence of just value if the opinion is deemed credible by the Board. In this case, as already noted, the Board found that the evidence of value provided by Waterville Homes in the form of an opinion of the property owner lacked validity.