Gregory McCULLOUGH, et al.

v.

**TOWN OF SANFORD.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 22, 1996.
Decided Dec. 27, 1996.

Gregory O. McCullough, Sanford, for Plaintiffs.

Sally J. Daggett, Jensen, Baird, Gardner & Henry, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiffs, Gregory and Christine McCullough, appeal from the judgment entered in the Superior Court (York County, *Cole, C.J.*) affirming the decision of the Sanford Board of Assessment Review (Board) denying their request for a tax abatement. The McCulloughs argue that the Board applied an inappropriate burden of proof and that it erred in not finding that their real estate had been substantially overassessed. Finding no error, we affirm the judgment.

The property in question was assessed in April, 1994 at a value of $124,000. The McCulloughs purchased the property in November, 1994 and requested a tax abatement from the Town of Sanford's assessor. After visiting the property, the assessor reduced his assessment by $12,900 to reflect defects in the chimney of the house and the septic system. The McCulloughs requested a further abatement and this request was denied.

The McCulloughs then appealed that decision to the Board pursuant to 36 M.R.S.A. § 843(1) (1990 & Supp.1996). At the abatement hearing, they attempted to prove that the assessed value of their home was substantially in excess of its market value. The Board denied their appeal. It found that the McCulloughs had failed to show an "unfair" tax burden on their property and that the assessed value was "fair and equitable as compared with other Sanford taxpayers." It found that the $12,900 reduction initially granted by the assessor adequately addressed the McCulloughs' concerns about their property. This decision was appealed to the Superior Court pursuant to M.R.Civ.P. 80B and 36 M.R.S.A. § 843(1). The court affirmed the decision of the Board and the McCulloughs now appeal.

■ We review the decision of the Board directly for abuse of discretion, errors of law, or findings unsupported by substantial evidence in the record. *Weekley v. Town of Scarborough,* 676 A.2d 932, 933 (Me.1996). When a taxpayer challenges an assessment of residential property, the taxpayer has the burden of establishing, before the Board of Assessment Review, that "the assessed valuation in relation to the just value is 'manifestly wrong.'" *Id.* at 934 (citations omitted). To meet this burden, the taxpayer must show one of three things: (1) that "the judgment of the assessors was irrational or so unreasonable in light of the circumstances that the property is substantially overvalued and an injustice results; (2) that there was unjust discrimination; or (3) that the assessment was fraudulent, dishonest, or illegal." *Wesson v. Town of Bremen,* 667 A.2d 596, 598 (Me.1995).

■ At the outset of the hearing in this case, the Chairman of the Board stated to Mr. McCullough, as part of his introductory

remarks, that "the burden of proof is on you to show that your property is assessed differently from other properties in the neighborhood." The McCulloughs now contend that this comment demonstrates that the Board held them to an incorrect burden. They also note that the Board did not expressly find that the property was assessed at its "just value."

There is no suggestion in the findings of the Board that it actually applied an erroneous standard. The introductory remark of the Chairman alone is insufficient to establish an error of law. It is the burden of the appealing party to produce an adequate record for judicial review. A party aggrieved by a decision of a governmental body must request findings of fact and conclusions of law when those findings and conclusions are not apparent from the record before challenging their sufficiency as a ground for judicial review. *Pearson v. Town of Kennebunk*, 590 A.2d 535, 537 n. 1 (Me.1991).

The McCulloughs further contend that they met the burden of showing that their property was substantially overvalued. The Maine Constitution requires that "[a]ll taxes upon real and personal estate, assessed by authority of this State, shall be apportioned and assessed equally according to the just value thereof." Me.Const. art. IX, § 8. " 'Just value' means market value." *Weekley*, 676 A.2d at 934. The sale price of property is probative of its market value. *Id.* at 934. Whether any particular assessment exceeds a particular property's just value is a question of fact. *Great Northern Nekoosa v. State Tax Assessor*, 522 A.2d 1316, 1317 (Me.1987). Because the Board concluded that the McCulloughs failed to meet their burden of proof, we will vacate that decision only if the evidence compels a contrary conclusion to the exclusion of any other inference. *Weekley*, 676 A.2d at 934.

The McCulloughs argue that the record compels the conclusion that their purchase price for the property, $73,500, accurately reflects the property's market value at the time of the assessment. Recently, in *Week-*

*ley v. Town of Scarborough*, we held that a Board of Assessment Review erred in not granting the taxpayers' request for an abatement. The record in *Weekley* strongly suggested that the sale price of the assessed property in fact reflected the market value of the property. *Id.* at 933–934. In addition, the assessor in *Weekley* acknowledged that there was a substantial deviation between the "assessment ratio"[1] of the subject property and the "assessment ratios" of similar properties. *Id.* at 933. The conditions of the sale in *Weekley* and the undisputed testimony of the assessor were held to compel the conclusion that the assessed value in that case was in excess of the property's market value.

The McCulloughs offered evidence that the sale price in this case resulted from the "aggressive marketing" of their property. They also offered the opinion of their lender's appraiser that the market value of the property approximated its sales price. The McCulloughs, however, purchased their property from a bank that had obtained it at a foreclosure sale and the price paid by the McCulloughs was only $1,000 greater than that paid by the bank at that sale. The assessor testified that bank-owned property obtained at a foreclosure sale does not normally sell for its fair market value and that the forces causing this also affect any fee appraisal, such as the one done in this case. This testimony, unlike the testimony of the assessor in *Weekley*, creates a factual dispute which the Board was free to resolve in favor of the Town. Thus, the record in this case does not compel the conclusion that the McCullough's property was assessed in excess of its just value.

The entry is:

Judgment affirmed.

All concurring.

---

1. The "assessment ratio" of the parcel was computed by dividing the sale price of the parcel by its assessed value. *Weekley*, 676 A.2d at 935 n. 1 (Lipez, J., dissenting).