STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss.                                  CIVIL ACTION
                                                 DOCKET NO. AP-02-46

DONALD L. GARBRECHT
LAW LIBRARY

JUN 16 2003

ROBERT LEBOVITZ and
CAROLYN LEBOVITZ
            Plaintiffs,

            v.                                   ORDER ON 80B APEAL

TOWN OF SCARBOROUGH,
            Defendant.

Plaintiffs Robert and Carolyn Lebovitz appeal from the July 22, 2002 decision of
the Town of Scarborough Board of Assessment Review (Board), in which the Board
upheld the Town Tax Assessor's (Assessor's) valuation of the Plaintiffs' property.

## FACTUAL BACKGROUND

Plaintiffs own unit #12 of the Atlantic House Condominiums in Scarborough.
The Atlantic Place Condominiums are located on coastal property adjacent to
Scarborough Beach. Plaintiffs purchased unit #12 in 1991 for $750,000.[1]  For the 2001
tax year, the Assessor assessed Plaintiffs' property at $707,000. Plaintiff asserts that the
fair market value of the property is $486,700. By unanimous vote, the Board denied
Plaintiffs' appeal of the Assessor's valuation.

Atlantic House is comprised of 42 units of five different floor plans (A-E).
Plaintiffs' unit is an A unit. A units are most similar to D units. Most A units have a full
basement. Plaintiffs' unit does not; it has only a crawlspace, for which it received a
negative adjustment.

---

[1] The Real Estate Transfer Tax form reported to the Town indicates a price of $750,000.
Plaintiffs provided documentation demonstrating that the seller assumed a "buy-down" credit,
resulting in an effective purchase price of $611,281.

The Plaintiffs' brief does not clearly identify the legal arguments presented on appeal. In light of the standard of review, the Plaintiffs' elusive arguments may be reduced to three legal contentions: the Assessor's valuation of the Plaintiffs' property is manifestly wrong, because either 1) the judgment of the assessor was irrational, or was so unreasonable in light of the circumstances that the property was substantially overvalued and an injustice resulted; 2) the Plaintiff was unjustly discriminated against in the valuation of his property; or 3) the assessment was illegal because it did not consider all of the factors identified in 36 M.R.S.A. § 701-A (2002).

The Board argues that all of the "evidence" presented at the hearing was properly weighed or, if appropriate, excluded by the Assessor and the reasoning and support for those decisions were presented to the Board. Defendant, therefore contends that there was sufficient support on the record for the Board's decision; that Plaintiffs failed to meet their burden to prove the assessment was manifestly wrong; that the Board acted properly in not completing an independent valuation of the property; and that Plaintiffs' contention that the Assessor illegally relied upon sales data from after the statutory date of valuation is not supported by the evidence and is not sufficient by itself to permit the court to overturn the assessment.

## DISCUSSION

A decision of the Board of Assessment Review is reviewed for errors of law, abuse of discretion, or findings of fact not supported by substantial evidence in the record. Griffin v. Town of Dedham, 2002 ME 105, ¶ 6, 799 A.2d 1239. The Board's analysis begins with the presumption that the assessor's valuation of the property is valid. Chase v. Town of Machiasport, 1998 ME 260, ¶ 13, 721 A.2d 636. See also Muirgen Properties, Inc. v. Town of Boothbay, 663 A.2d 55, 58 (Me.1995) (discussing burden and standard of review); Sweet v. City of Auburn, 134 Me. 28, 33, 180 A. 803

(1935) (citing <u>Penobscot Chemical Fibre Co. v. Town of Bradley</u>, 99 Me. 263, 267-69, 59 A. 83 (1904)).

The Plaintiff taxpayer bears the burden of establishing before the Board of Assessment Review that "the assessed valuation in relation to the just value is manifestly wrong." <u>Weekley v. Town of Scarborough</u>, 676 A.2d 932, 934 (Me. 1996). "[A] taxpayer may not meet his or her burden of proving that the assessor was manifestly wrong by merely impeaching the Town's assessment. Rather, the taxpayer must come forward with credible, affirmative evidence of just value." <u>Town of Southwest Harbor v. Harwood</u>, 2000 ME 213, ¶ 9, 763 A.2d 115 (quotation omitted); <u>see also</u> " <u>Yusem v. Town of Raymond</u>, 2001 ME 61, ¶ 13, 769 A.2d 865( "Impeachment of the assessor's methodology alone is insufficient to meet that burden. The taxpayer must demonstrate that the property is overrated."). Only if the Board determines that Plaintiffs have offered sufficient credible evidence of overvaluation, must the Board then undertake an independent valuation of the property.[2] <u>Northeast Empire Ltd. P'ship #2 v. Town of Ashland</u>, 2003 ME 28, ¶ 8, 818 A.2d 1021. "Because the Board concluded that the [Plaintiffs] failed to meet their burden of proof, we will vacate that decision only if the evidence compels a contrary conclusion to the exclusion of any other inference." <u>Yusem v. Town of Raymond</u>, 2001 ME 61, ¶ 9, 769 A.2d 865; <u>McCullough v. Town of Sanford</u>, 687 A.2d 629, 631(Me. 1996).

"To meet the initial burden of showing that the assessment was manifestly wrong, the taxpayer must demonstrate that (1) the judgment of the assessor was irrational or so unreasonable in light of the circumstances that the property was

---

[2] "If, but only if, the taxpayer meets that burden, the [Board] must engage in 'an independent determination of fair market value . . . based on a consideration of all relevant evidence of just value.'" <u>Id.</u>, ¶ 8 (quoting <u>Quoddy Realty Corp. v. City of Eastport</u>, 1998 ME 14, ¶ 5, 704 A.2d 407).

3

substantially overvalued and an injustice resulted; (2) there was unjust discrimination; or (3) the assessment was fraudulent, dishonest, or illegal." <u>Yusem v. Town of Raymond</u>, 2001 ME 61, ¶ 9, 769 A.2d 865.

1) <u>Overvaluation Due to Irrational and/or Unreasonable Judgment by the Assessor</u>

Plaintiffs claim that the assessment of their property is unreasonable in light of the surrounding circumstances: failure to use the income approach to valuation, failure to consider sales from the mid-1990s that supported a lower valuation, and failure to account for conditions such as lack of view, wear, and disrepair.

Based on the evidence, Plaintiffs have "not demonstrated that the evidence compels a contrary conclusion to the exclusion of any other inference." <u>McCullough v. Town of Sanford</u>, 687 A.2d at 631. To the contrary, at the hearing before the Board, the Assessor thoroughly addressed each of Plaintiffs' arguments regarding numerous facets of the valuation process (i.e. method, lack of view, proximity to waterfront, and incomparability to neighboring single-family residences). R. Tab 1, Tr. at 6-9, 15, 20-21.

2) <u>Unjust Discrimination</u>

Plaintiffs' only clear reference to an unjust discrimination claim is found in the last paragraph of the Reply Brief;[3] "[t]he Assessor did not value Plaintiffs' property uniformly with similar properties . . . ." Pls.' Reply at 11. Unjust discrimination was also mentioned in the minutes at the hearing before the Board. R. Tab 1, Tr. at 14 (Board Chairperson: "[Y]our task is to prove that you have been unfairly and unjustly assessed in relationship to your [sic] other properties.": Lebovitz: "I think my assessment was unfair."). "Only if taxpayers can show that the assessors' system necessarily will result in unequal apportionment do they not have to show that their property is substantially

overvalued. <u>Wesson v. Town of Bremen</u>, 667 A.2d at 598 (Me. 1995).  In the present case, the record supports the Board's determination that Plaintiffs failed to put forth sufficient credible evidence of overvaluation or discriminatory system. <u>Kittery Electric Light Co. v. Assessor of Town of Kittery, et al.</u>, 219 A.2d 728, 739 (Me. 1966) (stating that there must be evidence of intentional or purposeful "systemic undervaluation" and that "sporadic differences in valuations do not spell invidious discrimination") (quotations omitted).

   3) <u>Illegality</u>

     Plaintiffs also argue that the assessment was illegal.  <u>Yusem v. Town of Raymond</u>, 2001 ME 61, ¶ 8 n 12, 769 A.2d 865 ("An illegal assessment is generally understood as one that exceeds the bounds of the taxing entity's authority.").  Plaintiffs contend that (1) the Assessor did not consider all of the factors identified in 36 M.R.S.A. § 701-A[4]; (2) the Assessor utilized two sales, which closed after the date by which

---

[3] Plaintiffs' Reply was filed on November 12, 2002, 6 days after the 14-day period for reply lapsed.

[4] 36 M.R.S.A. § 701-A (2003) reads in relevant part:
    § 701-A.  Just value defined
    In the assessment of property, assessors in determining just value are to define this term in a manner that recognizes only that value arising from presently possible land use alternatives to which the particular parcel of land being valued may be put. In determining just value, assessors must consider all relevant factors, including without limitation, the effect upon value of any enforceable restrictions to which the use of the land may be subjected, current use, physical depreciation, sales in the secondary market, functional obsolescence and economic obsolescence. Restrictions include but are not limited to zoning restrictions limiting the use of land, subdivision restrictions and any recorded contractual provisions limiting the use of lands. The just value of land is determined to arise from and is attributable to legally permissible use or uses only.
<u>Id</u>. Plaintiffs contend that the Assessor did not consider physical depreciation, functional obsolescence, and economic obsolescence.

assessors are directed to assign value, in violation of 36 M.R.S.A. § 502[5]; and (3) the Assessor failed to follow the Law Court's direction in South Portland Assocs., et al. v. City of South Portland, 550 A.2d 363, 368-69 (Me. 1988)(hereinafter "South Portland Assocs.") by not utilizing the income approach in assessing Plaintiffs' property.

Contrary to Plaintiffs' claims, the Assessor did consider the factors enumerated in § 701-A; he did not assign them the same significance and value that the Plaintiffs did. The assessor stated that "[d]epreciation is calculated based on the year of construction and the condition of the building." R. Tab 1, Tr. 18. Plaintiffs sought to apply the IRS guidelines to depreciation of real estate. Applying that schedule, the values of all structures built prior to 1970 would be entirely, or almost entirely, depreciated. The Assessor also testified that obsolescence is considered in the physical depreciation. Id. at 19. He disagreed with Mr. Lebovitz's assertion that an old stove and a refrigerator on the "blink" should impact the assessed value. Id. The Assessor considered these factors as required by law; he concluded, however, that they did not "make any difference." Id. at 18-19.

The Plaintiffs' contention that the Assessor erroneously relied on two sales that occurred after April 1, 2001 is without merit. First, it is impossible that a transaction that occurred on June 22, 2002 impacted a valuation that was completed in April 2001 and for which a tax bill issued in October of 2001. The mention of this sale at the July 2002 hearing may have supported the Assessor's earlier valuation, but it could not have been *relied on* in arriving at that valuation. Similarly, the June 2001 sale of Unit 32 for $725,000 provided support for the assessment of Unit 32 for $722,000 two months prior

---

[5] Section 502 states in pertinent part: "The taxable year is from April 1st to April 1st." 36 M.R.S.A. § 502 (2003).

to its sale. There is no indication on the record that those two sales were relied on by the Assessor in determining the property's 2001 just value.[6]

Finally, Plaintiffs' contention that the Assessor erred by not using the income approach is mistaken. South Portland Assocs. is inapposite to the present case and may not be applied as broadly as Plaintiffs assert. South Portland Associates owned two apartment complexes consisting of 262 structures and 995 apartments. South Portland Assocs. 550 A.2d at 365. The city assessor refused to use the income approach on any property in South Portland. Id. at 365-66. The court held that because these two properties, unique to the city and to the general area, could not be accurately assessed based only on the cost and sales approaches, the assessor should have employed the income method. Id. at 369 (holding that "the objective of all appraisal methods is precisely the same: the determination of just or market value"). The court did not require that all three methods be used in all instances. Id. ("There is no legal requirement that a municipality use the identical appraisal method on all properties.").

In the instant case, Plaintiffs argue that because some owners use their units as an investment and because Plaintiffs' unit was rented prior to 1991, when they purchased it, the Assessor should have used the income approach. Plaintiffs have used their unit as a seasonal home since 1991. As the Assessor correctly noted, "an income approach does not have to be used on a single-family property. Any appraiser will tell you that. Any realtor will tell you that. And now a judge is telling you that." R. Tab 1. Tr. 21 (referring to the decision by Justice Fritzsche on Plaintiffs' 1993 appeal). See Lebovitz v. Town of Scarborough, 92-672 (Me. Super. Ct., Cum. Cty., Jul. 15. 1993) (Fritzsche, J.).

---

[6] The Board was not required to arrive at an independent value because the Plaintiffs failed to meet their burden. Therefore, argument that the Board relied on erroneous information in

7

Because the decision of the Board is supported by substantial evidence in the record, as outlined above, the decision of the Town of Scarborough Board of Assessment Review is AFFIRMED.

The entry is

The decision of the Town of Scarborough Board of Assessment Review is AFFIRMED.

Dated at Portland, Maine this 3rd day of June, 2003.

Robert E. Crowley
Justice, Superior Court

assessing the property's value is not reached.

Date Filed __8-15-02__     __Cumberland__     Docket No. __AP02-46__

County

Action __80B Appeal__

ROBERT A. LEBOVITZ                     TOWN OF SCARBOROUGH
CAROLYN R. LEBOVITZ

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Pro Ses<br>2018 Monongahela Avenue<br>Pittsburgh PA 15218-2510<br>412-351-4422 | Robert J. Crawford Esq.<br>P.O. Box 9729<br>Portland, Maine 04104-5029<br>207-774-1200 |

Date of
Entry