1998 ME 14

## QUODDY REALTY CORPORATION,

v.

## CITY OF EASTPORT.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 10, 1997.
Decided Jan. 15, 1998.

Daniel L. Lacasse, Calais, for Plaintiff.

Sandra Hylander Collier, Ferm, Collier & Larson, Ellsworth, for Defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant City of Eastport appeals from a judgment of the Superior Court (Washington County, *Alexander, J.*) vacating a decision of the Washington County Commissioners denying a petition for a tax abatement filed by Quoddy Realty Corporation. The City argues that the Superior Court erred in vacating the decision of the Commission and exceeded its authority by making a factual determination as to the just value of the real estate in question for purposes of the abatement. We agree that the Commissioners erred as a matter of law by failing to independently determine just value. We conclude, however, that the Superior Court does not have the authority to determine the value. Accordingly, we vacate the judgment in part.

[¶ 2] The relevant facts may be summarized as follows: In January 1994, Quoddy purchased real estate in Eastport for $40,000. The principal parcel was the former Grossman's lumber store, along with an adjacent lot and water tank. The City assessed the property as having a total value of $292,597 as of April 1, 1994. Quoddy first filed an application for tax abatement with the City tax assessor. The application was supported

by a real estate appraisal, suggesting a market value of $69,250. After the City tax assessor denied the request for abatement, the Washington County Commissioners denied a similar petition on the basis that the formula used by the City was fair and equitable.[1] The Commissioners did not respond to Quoddy's request for findings of fact and conclusions of law.

[¶ 3] Quoddy filed a complaint for appellate review pursuant to M.R. Civ. P. 80B in the Superior Court. The court ordered the Commissioners to make findings of fact. The Commissioners responded with nine separate findings.[2] After further hearing, the court vacated the decision and remanded with instructions to grant the abatement request by reducing the assessed value of the real estate from $292,597 to $69,250 for tax years 1994 and 1995. The City now appeals.

■ [¶ 4] The City contends that the Commissioners did not err in finding that the tax assessor's valuation was just. When the Superior Court acts as an intermediate appel-

late court, we review directly the decision of the Commissioners " 'for abuse of discretion, errors of law, or findings unsupported by substantial evidence in the record.' " *Weekley v. Town of Scarborough*, 676 A.2d 932, 933 (Me.1996) (quoting *Central Maine Power v. Town of Moscow*, 649 A.2d 320, 322 (Me. 1994)). In ruling on an application for an abatement of taxes, the Commissioners must independently determine whether the property is over-assessed and grant such abatement as they think proper. 36 M.R.S.A. § 844(1) (Supp.1997).[3] *South Portland Assoc. v. South Portland*, 550 A.2d 363, 366 (Me.1988).

[¶ 5] In *South Portland Assoc.*, we interpreted the law as requiring an independent determination of fair market value by the Commissioners or the Board of Assessment Review based on a consideration of all relevant evidence of just value. In that case, we held that:

[T]he Board on the record made before it was compelled to find that the Assessor's categorical refusal to consider an income

1. The taxpayer also filed an application for abatement of its 1995 taxes and the commissioners denied the appeal for the 1995 taxes after a separate hearing. The evidence is identical for both years and both petitions are before us.

2. The Commissioners' findings are as follows:

    1. It is not the purpose of the Washington County Commissioners to appraise property, only to determine if the assessment has been applied without discrimination.
    2. The findings of the Washington County Commissioners concur with those of the City of Eastport.
    3. With regard to the comparisons made by the taxpayer to two-story buildings, the Washington County Commissioners believe that the buildings compared were not similar in their use and/or structure.
    4. The Washington County Commissioners believe that the highest and best use of this property would be the availability of the property, which is located in the general populace of the area. It is near major highways and arteries and aquaculture bases.
    5. Comparisons made by the owner to other buildings located within Washington County were not valid. The owner compared this property to property located in isolated areas of North Lubec and the deteriorated sardine factory located in Eastport.
    6. Certain stimuli affected the sale of the property. The Washington County Commissioners believe that the Fair Market Value of

the property was not in line with the appraiser's findings and other aspects of the property made the sale a lower market value.
    7. The age and condition of the building was found not to have suffered a great amount of physical deterioration from the time that the former owner utilized the building to its present structural soundness.
    8. Since the general tax assessment values have already been set for this geographic area, it would be improper to make comparisons unless there was a large amount of inadequacy discovered.
    9. It would be impossible for the Washington County Commissioners without the field experience or professional appraisal skills to disagree with the City of Eastport appraisal as to the Construction Grade of the property.

3. The procedure for an appeal to county commissioners provides in part:

    1. **Municipalities without board of assessment review.** Except when the municipality or primary assessing area has adopted a board of assessment review, if the assessors or the municipal officers refuse to make the abatement asked for ... [T]he applicant may apply to the county commissioners within 60 days after notice of the decisions from which the appeal is being taken.... If the commissioners think that the applicant is over-assessed, the applicant is granted such reasonable abatement as the commissioners think proper.
    36 M.R.S.A. § 844(1) (Supp.1997).

analysis in valuing Redbank and Millcove was arbitrary and unreasonable. *Since the Board itself did not make any independent determination of the fair market value* on the basis of an income analysis and all other relevant evidence, it had no basis for its ultimate finding that "the assessed value of this property is not so unreasonable as to result in an injustice."

*South Portland Assoc.*, 550 A.2d at 366 (emphasis added) (footnotes omitted).

[¶ 6] Similarly in this case, the Commissioners were compelled to reject the assessor's erroneous and unreasonable belief[4] that he was required by state law to use only one method of appraisal for all properties and that he could not consider any method other than "cost less depreciation" for the properties in question. We have previously ruled that "[t]here is no legal requirement that a municipality use the identical appraisal method on all properties." *South Portland Assoc.*, 550 A.2d at 369. We reasoned that:

[T]he objective of all appraisal methods is precisely the same: the determination of just or market value. If the fair market value of Redbank and Millcove is reliably determined by the income approach and the market value of other residential properties in South Portland is reliably determined by the cost approach, the constitutional and statutory mandate for equality of assessment will be achieved.

*Id.*

[¶ 7] The Commissioners' findings demonstrate that they ignored their responsibility to determine just value and focused solely on the question whether the assessment was "applied without discrimination." By withholding their independent determination of just value, the Commissioners failed

to discharge their statutory responsibilities. 36 M.R.S.A. § 844(1).

[¶ 8] Even though we agree with the Superior Court that the Commissioners' decision must be vacated, the court was without authority to determine the just value of the property. *Weekley v. Town of Scarborough*, 676 A.2d 932, 934 (Me.1996). Accordingly, the appropriate relief requires remand for the independent determination of the Commissioners.

[¶ 9] On remand the Commissioners must give due consideration to the Maine Constitution which requires that "[a]ll taxes upon real and personal estate, assessed by authority of this State, shall be apportioned and assessed equally according to the just value thereof." Me. Const. art. IX, § 8. " 'Just value' means market value." *McCullough v. Town of Sanford*, 687 A.2d 629, 631 (Me.1996) (quoting *Weekley*, 676 A.2d at 934). "The sale price of property is probative of its market value." *McCullough*, 687 A.2d at 631 (quoting *Weekley*, 676 A.2d at 934). *See also Arnold v. Maine State Highway Comm'n*, 283 A.2d 655, 658 (Me.1971) ("evidence of what the property sold for in a bona fide sale is 'most significant' " and "an actual sale very near to the time at which the value is to be fixed is of 'great weight' as contrasted with mere opinion evidence"). "Just value" is further defined by statute:

In the assessment of property, assessors in determining just value are to define this term in a manner which recognizes only that value arising from presently possible land use alternatives to which the particular parcel of land being valued may be put. In determining just value, assessors must consider all relevant factors, including without limitation, the effect upon value of any enforceable restrictions to which the

---

4. The assessor testified that "[w]e think we have made a fair assessment of this building from the point of the way we do it, not cost or ... or anything like that, but from actually cost less depreciation, which the State gives us the value, the formulas to do this." He further testified "[w]hen you put those buildings into cost per square feet, and this building under cost per square feet, we're not all the way at all. We can't really ... use a different formula for this one. Economic this or that or something else.

We have one rule for all that type of buildings. And that's the one we used on this abatement...." The assessor further testified that "[t]he State gives us this state valuation and tells us to hit as close as possible. They also ask for equality. So I can't very well do one building one way and another building another way." Finally, he stated that he did not take the sales price into consideration when he looked at the assessment.

use of the land may be subjected, current use, physical depreciation, functional obsolescence, and economic obsolescence....

36 M.R.S.A. § 701–A (1990).

[¶ 10] Although the "cost" approach is recommended by the State Bureau of Taxation as "the method best suited to the requirements of a mass revaluation program," we have noted that when assessors use the cost approach as their starting point, they should use other methods to test the reasonableness of values that appear questionable. *South Portland Assoc. v. South Portland*, 550 A.2d 363, 367 (Me.1988). In the present case, Quoddy submitted evidence that the actual sales price in an arm's length transaction three months before the assessment was $40,000. Quoddy also submitted an appraisal prepared by a qualified appraiser suggesting a just value of $69,500 based on a market value data approach.

[¶ 11] As we have previously stated, neither we nor the Superior Court have the authority to act "as final-offer arbitrators to decide which of the opposing figures is better, nor can we substitute our own estimate of market value." *South Portland Assoc. v. South Portland*, 550 A.2d 363, 369 (Me.1988). Only the Commissioners in this case have the authority to grant such reasonable abatement as they think proper. *Id.;* 36 M.R.S.A. § 844(1) (Supp.1997). In doing so, however, they must independently determine the "just value" of the property in accordance with the evidence and the law.

The entry is:

Judgment of the Superior Court vacating the decision of the Washington County Commissioners affirmed. The remainder of the court's judgment is vacated and the matter is remanded for further proceedings consistent with the opinion herein.

