STATE OF MAINE                              SUPERIOR COURT
SAGADAHOC ss                                CIVIL ACTION
                                            DOCKET NO. AP-05-001



KENNETH and MIKELLE
CARR,

            Respondents

      v.                                    DECISION AND ORDER

TOWN OF WOOLWICH

            Petitioner

The Town of Woolwich appeals, pursuant to M.R. Civ. P. 80B, the grant of an abatement of property taxes to the Carrs. See R. 7. Among other things, the Town argues that the Commissioners' findings are insufficient to permit meaningful review.

The Commissioners are required to make findings of fact "sufficient to appraise the applicant and any interested member of the public of the basis for the decision." 1 M.R.S.A. § 407(1) (1989); Christian Fellowship and Renewal Ctr. v. Town of Limington, 2001 ME 16, ¶14, 769 A.2d 834, 838. In addition, meaningful judicial review is not possible without findings of fact. See id. at ¶ 15, 769 A.2d at 839. "Without adequate findings, a reviewing court cannot determine if the agency's findings are supported by the evidence." See id. Lack of meaningful review results in the parties and others similarly situated not knowing whether they are entitled to a tax exemption in other years or in similar situations. See id. ¶ 18, 769 A.2d at 840. That policy consideration is of particular concern in this case.

In the 10/12/04 decision, the Commissioners recite the history of the case, the evidence, the parties' arguments, case law, and definitions. See R. 7 at 1-4. They also

discuss previously decided cases. See id. at 4-5. The only finding of fact regarding the Carr case provides that "[t]he Commission does not find that the Town discriminated against the Carrs, but questions the consistency and fairness of the assessment." See id. at 5. The court cannot determine from this finding whether the Commissioners decided that the respondents met their initial burden of presenting "credible, affirmative evidence" that the assessor's valuation was "manifestly wrong" by demonstrating that "(1) the judgment of the assessor was irrational or so unreasonable in light of the circumstances that the property was substantially overvalued and an injustice resulted; (2) there was unjust discrimination; or (3) whether the assessment was fraudulent, dishonest or illegal." Yusem v. Town of Raymond, 2001 ME 61, ¶¶ 8-9, 769 A.2d 865, 870. The court cannot determine whether, if that burden was met, the Commissioners engaged in an "independent determination of fair market value . . . based on a consideration of all relevant evidence of just value" in order to determine whether the property was over-assessed. Quoddy Realty Corp. v. City of Eastport, 1998 ME 14, ¶ 5, 704 A.2d 407, 408; South Portland Assoc. v. South Portland, 550 A.2d 363, 366 (Me. 1988).

This is not a case in which a remand for findings is unnecessary because the facts are obvious or easily inferred from the record. See Christian Fellowship, at ¶ 19, 769 A.2d at 840.

The entry is

> The case is REMANDED to the Sagadahoc County Commissioners for further findings of fact consistent with this decision.

Date: August 12, 2005

Nancy Mills
Justice, Superior Court

JONATHAN PEABODY - PLAINTIFF
76 CAMPMEETNG ROAD
TOPSFIELD MA 01983
Attorney for: JONATHAN PEABODY
CHRISTOPHER TAINTOR - RETAINED 02/20/2004
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-RE-2004-00002

**DOCKET RECORD**

vs
MARY WARD (DISMISSED)  - DEFENDANT
LEDGE ISLAND LANE
GEORGETOWN ME 04548
Attorney for: MARY WARD (DISMISSED)
DAVID KING  - RETAINED
LAW OFFICE OF DAVID A KING
108 FRONT STREET

BATH ME 04530

WILLIAM FINES  - DEFENDANT
14 LEDGE ISLAND LANE
GEORGETOWN ME 04548

Filing Document: COMPLAINT                    Minor Case Type: EASEMENTS
Filing Date: 02/20/2004

## Docket Events:

03/01/2004 FILING DOCUMENT - COMPLAINT FILED ON 02/20/2004

03/01/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 03/01/2004

03/01/2004 Party(s):  JONATHAN PEABODY
           ATTORNEY - RETAINED ENTERED ON 02/20/2004
           Plaintiff's Attorney: CHRISTOPHER TAINTOR

03/12/2004 Party(s):  MARY WARD (DISMISSED)
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 03/11/2004

03/12/2004 Party(s):  MARY WARD (DISMISSED)
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 03/04/2004
           Defendant's Attorney: DAVID KING

03/12/2004 Party(s):  MARY WARD (DISMISSED)
           ATTORNEY - RETAINED ENTERED ON 03/04/2004
           Defendant's Attorney: DAVID KING

03/22/2004 Party(s):  JONATHAN PEABODY
           MOTION - MOTION PRELIMINARY INJUNCTION FILED ON 03/19/2004
           WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

03/22/2004 Party(s):  JONATHAN PEABODY
           MOTION - OTHER MOTION FILED ON 03/19/2004
           MOTION TO SHORTEN TIME FOR OBJECTION AND FOR EXPEDITED HEARING OR ACTION

Date Filed 1/7/05   Sagadahoc   Docket No. AP-05-1
County

Action   80B Complaint

Kenneth and Mikelle M. Carr Trustrees of
Kenneth L. Carr Trust and Kenneth L. and
Mikelle M. Carr
77 Goose Cover Lane
Woolwich, Maine  04579

Town of Woolwich
13 Nequasset Road
Woolwich, Maine  04579

vs.

| | |
|---|---|
| Plaintiff's Attorney<br>David King, Esq.<br>108 Front Street<br>Bath, Maine  04530 | Defendant's Attorney<br>Jessica Avery<br>280 Front Street<br>Bath, Maine  04530 |

| Date of Entry | |
|---|---|
| 1/10/05 | 1/7/05:  Appellant, Town of Woolwich files 80B Complaint with Civil Summons; filed by Carl W. Stinson, and Jessica R. Avery, Attys for Appellant.<br><br>1/10/05:  Notice and Briefing scheduled issued to both counsel of record this date. |
| 1/25/05 | 1/20/05:  Acceptance of Service and Entry of appearance filed by David King. Service completed on January 18, 2005 on behlaf of the Appellees. |
| 2/17/05 | 2/15/05:  Acceptance of Service; Brief of appellant/Plt.; Index of Stipulated Record and Motion to Increase Time filed by Jessica Avery. Service completed on 2/4/05-signed by Daniel Moler.  Motion to enlarge time in which the parties are required to submit the record in this case from 2/16/05 to March 18, 2005---unopposed. |
| 3/2/05 | 2/15/05:  Motion to Increase time filed by Atty. Stimson.<br><br>2/20/05:  Order to Increase Time.....time in which the parties are required to submit record in this case is enlarged from 2/16/05 to 3/18/05, a period of thirty days....this is incorporated into the docket by reference./s/Nancy Mills, Justice<br><br>3/2/05:  Copy of the above order mailed to counsel of record. |
| 3/17/05 | 3/11/05:  Motion to Extend and order/clarify time for filing proposed order filed by David King.<br><br>3/11/05:  Order to Increase and Order to Clarify Time for Fili issued by Justice Mills....time in which the appellees/defs ar required to submit their brief in this matter is enlarged to run from 30 days after the record is filed in full.  /s/Mills<br><br>3/17/05:  copy of the order issued to counsel of record this date.<br><br>3/17/05:  Transcript of the Sag. County Commissioners Office Appeal for inclusion as item 18 in the index of Stipulated |