Beaver Wood v. Chester

STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT,ss                            Docket No. AP-07-28

                                        kM(    1:  .  �budget/:  .  ' (


BEAVER WOOD JOINT VENTURE


                                        FILED & ENTERED
                                        SUPERIOR COURT
                                        MAY 08 2008
                                        PENOBSCOT COUNTY

          V


TOWN OF CHESTER


## 80B APPEAL

## DECISION


Beaver Wood Joint Venture (hereinafter Beaver Wood) owned property in the Town of Chester, which was taxed by the Town of Chester. Beaver Wood sought an abatement of the Town of Chester's Tax assessment for 2005. Specifically Beaver Wood sought abatement of the assessment of $8,000,000. The Town denied Beaver Wood's abatement request and that denial was appealed to the Penobscot County Commissioners. The Commissioners reduced the value from $8,000,000 to $6,500,000.

### Standard for Review

There is a presumption that the assessor's valuation is valid. *Town of Southwest Harbor v. Harwood*, 2000 ME 213, 763 A.2d 115, *Chase v. Town of Machiasport* 1998 ME 260, 721 A.2d 636, 640. To overcome the presumption the taxpayer must present credible affirmative evidence demonstrating that the assessor's valuation was "manifestly wrong." Id, 763 A.2d at 117.

If, and only if, the taxpayer meets that burden, the Commissioners must engage in "an independent determination of fair market value... based on a consideration of all

relevant evidence of just value." *Quoddy Realty Corp. v. City of Eastport* 1998 ME 14,704 A.2d 407, 408; 36 M.R.S.A. § 844(1); *Stewart v. Town of Sedgwick* 2000 ME 157.

The Superior Court is obligated to examine the entire record to 'determine whether on the basis of all the testimony and exhibits before the [Commissioners] they could fairly and reasonably find the facts as [they] did.' *Ryan v. Town of Camden* 582 A.2d 973, 975 (Me. 1990). The Superior Court is not permitted to make findings independent of those explicitly or implicitly found by the [Commissioners] or [to] substitute its judgment for that of the [Commissioners]." *Perrin v. Town of Kittery* 591 A.2d 863 (Me. 1991). Moreover, "the [Commissioner's] decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it" *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). This Court may only reverse the County Commissioner's decision if the record "compels a contrary conclusion to the exclusion of all other inferences. *Weekley v. Town of Scarborough* 676 A.2d 932, 934 (Me. 1996); *Douglas v. Board of Trustees*, 669 A.2d 177, 179 (Me. 1996).

## Discussion

The Town agrees that the challenged valuation was manifestly wrong in the eyes of the County Commissioners since they changed the assessment. Defendant notes that the change reflected the Commissioners having evaluated the subject property's fair market value, which implies that the challenged valuation was manifestly wrong. (Defendant's Brief at pg. 4)

The question that calls out is where on the record did the Commissioners do that evaluation. It is unquestionably true that the Commissioner's discussed the issue of value and went to view the property in question first hand, but there are no findings of fact anywhere on the record as far as this Court is concerned. There is no statement by the Commissioners of the relevant evidence of just value upon which they relied in modifying the assessment of the Town. By modifying the assessment the Commissioners confirm that the assessment of Chester was manifestly wrong and that the Plaintiff has met its burden of proof in that regard. What the Commissioners do not do is to provide a basis for the "just value" at which they arrived so that this Court can make a judgment affirming their decision or concluding that

the record compels a contrary conclusion.  See *Weekley v. Town of Scarborough*, supra.

The Court grants this appeal and remands this matter to the Penobscot County Commissioners for the purpose of stating their findings leading them to their conclusions as to just value with regard to the assessment in question.

## Conclusion

The Rule 80-B Complaint is GRANTED and the matter is remanded to the Penobscot County Commissioners to make findings consistent with this decision.

May 8, 2008

Kevin M. Cuddy
Justice, Superior Court

Date Filed __11/9/07__ __PENOBSCOT__ Docket No. __AP-2007-28__
County

Action __RULE 80B APPEAL__

**ASSIGNED TO JUSTICE KEVIN M. CUDDY**

BEAVER WOOD JOINT VENTURE    VS.    TOWN OF CHESTER

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| RICHARD D. VIOLETTE, ESQ<br>P O BOX 908<br>BREWER, ME  04412 | RR 3, BOX 1726<br>LINCOLN, ME    04457-9540<br>Farrell, Rosenblatt & Russell<br>61 Main St Suite 1<br>P O Box 738<br>Bangor ME   04402-0738<br>BY:  Roger L. Huber, Esq. |