STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-23

COVENANT HEALTH, INC.,
COVENANT HEALTH SYSTEMS, ST.
MARY'S REGIONAL MEDICAL
CENTER, ST. MARY'S HEALTH
SYSTEM, DR. CHRISTOPHER BOWE,
DR. DEREK MITTLEIDER, DR. MED
KELLEY and CINDY M. BROUSSEAU,
          Plaintiffs,

**DECISION AND ORDER**

v.

THE MAINE HUMAN RIGHTS
COMMISSION,
          Defendant

Before the Court is Plaintiff Covenant Health Inc. et al.'s Motion for Summary Judgment. This action is related to an underlying Complaint of Discrimination filed with the Maine Human Rights Commission ("MHRC" or "Commission") brought by a physician ("Dr. Jane Doe"). Dr. Doe was the subject of a professional competence committee review and alleges that Plaintiffs unlawfully discriminated and/or retaliated against her.

In response to the Complaint and certain discovery requests made by the Commission, Plaintiffs seek a declaratory order confirming that Plaintiffs are immunized from civil liability under the Maine Health Security Act ("MHSA"), 24 M.R.S. §§ 2501, *et seq.* and that records relating to the competence committee review are privileged and confidential according to Section 2510-A of the MHSA

1

and 32 M.R.S. § 3296. In opposition to the Motion, the Commission argues that the case should not be decided in favor of Plaintiffs. Rather, the Commission maintains that judgment should be entered in its' favor instead. The parties have waived oral argument.

## LEGAL STANDARD

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4, 770 A.2d 653. It follows that to survive a moving party's motion for summary judgment, the non-moving party must establish a prima facie case for each of their claims and set forth specific facts showing there is a genuine issue of material fact. *Key Trust Co. of Maine v. Nasson College,* 1997 ME 145, ¶ 10, 697 A.2d 408; *see also* M.R. Civ. P. 56(e). A fact is material if it has the potential to affect the outcome of the suit. *Id.* To be considered "genuine," there must be sufficient evidence offered to raise a factual contest requiring a fact finder to choose between competing versions of the truth. *Rainey v. Langden,* 2010 ME 56, ¶ 23, 998 A.2d 342; *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573. Further, this showing "requires more than effusive rhetoric and optimistic surmise." *Hennessy v. City of Melrose,* 194 F.3d 237, 251 (1st Cir. 1999). The Court must ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Carroll v. Xerox Corp.,* 294 F.3d 231, 237 (1st Cir. 2002).

Cross motions for summary judgment "neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment per se." *F.R. Carroll, Inc. v. TD Bank, N.A.,* 2010 ME 115, ¶ 8, 8 A.3d 646 (quoting *Wightman v. Springfield Terminal Ry. Co.,* 100 F.3d 228, 230 (1st Cir. 1996)). "Summary judgment, when appropriate, may be rendered against the moving party." M.R.Civ.P. 56(c).

2

## FACTS

The parties have stipulated to the following facts. In April 2019, Dr. Doe filed a Complaint of Discrimination against Plaintiffs alleging discrimination and/or retaliation based on age, national origin, ancestry, race, physical/mental disability, and whistleblower status. (Stip. S.M.F. ¶ 10.) The Complaint stated that Dr. Doe is a medical doctor employed at a hospital operated by Plaintiffs St. Mary's Regional Medical Center and St. Mary's Health System (collectively "St. Mary's").

According to Dr. Doe's Complaint, Drs. Bowe, Mittleider, and Kelley were medical doctors who participated in St. Mary's Medical Executive Committee. (Stip. S.M.F. ¶¶ 2-4.) The Committee conducted a formal investigation and review of Dr. Doe's practice of medicine and her fitness to practice. (Stip. S.M.F. ¶¶ 2-4, 8.) As a result of the review, the Committee issued recommendations, conclusions, and evaluations of Dr. Doe's conduct and imposed certain conditions. (Stip. S.M.F. ¶ 9.) Dr. Doe alleges that the actions taken by Plaintiffs because of the review constitute unlawful discrimination and/or retaliation in violation of the Maine Human Rights Act (MHRA) and the Maine Whistleblower Protection Act. (Stip. S.M.F. ¶ 11.)

In response to Dr. Doe's Complaint, the Commission initiated an investigation and has sought information and records from Plaintiffs relating to the Committee's investigation, review, and recommendations. (Stip. S.M.F. ¶ 13.) Plaintiffs then brought this action and filed their Motion for Summary Judgment, asserting that the Maine Health Security Act immunizes them from all civil liability, including being subject to an administrative proceeding initiated by the Commission. Further, Plaintiffs contend that the documents and information relating to Plaintiffs'

3

professional competence review of Dr. Doe are privileged and protected from disclosure by Section 2510-A of the MHSA and 32 M.R.S. § 3296.

## DISCUSSION

### I. Immunity from Civil Liability Under the Maine Health Security Act (24 M.R.S. § 2511)

Plaintiffs contend that 24 M.R.S. § 2511 grants them absolute immunity and prevents the Commission from continuing its investigation into Dr. Doe's professional competence review. The court analyzes Plaintiffs' argument in two parts: first, are the Plaintiffs immune from civil liability relating to their participation in the review? And second, if Plaintiffs are immune from civil liability, how does their immunity impact the Commission's investigation?

#### A. Are Plaintiffs immune from civil liability relating to their participation in Dr. Doe's professional competence review?

Plaintiffs' motion asks the court to declare them immune from civil liability and investigation under Section 2511 of the MHSA. Section 2511 provides:

> Any person acting without malice, any physician, podiatrist, healthcare provider, health care entity or professional society, any member of a professional competence committee or professional review committee, any board or appropriate authority and any entity required to report under this chapter are immune from civil liability:
>
> **1. Reporting.** For making any report or other information available to any board, appropriate authority, professional competence committee or professional review committee pursuant to law.
>
> **2. Assisting in preparation.** For assisting in the origination, investigation or preparation of the report or information described in subsection 1; or
>
> **3. Assisting in duties.** For assisting the board, authority or committee in carrying out any of its duties or functions provided by law.

4

Thus, to determine whether the civil liability provided in Section 2511 applies to Plaintiffs, the Court must determine whether: 1) Plaintiffs work in an occupation or role delineated by Section 2511, and 2) Plaintiffs' actions fall under one of the acts described by Section 2511. If both questions are answered affirmatively, then Plaintiffs are covered by the MHSA's immunity provision.

Dr. Doe's Complaint of Discrimination alleges facts that demonstrate each Plaintiff is an eligible individual or entity under Section 2511. Specifically, 24 M.R.S. § 2502(3) defines a "physician" as "any natural person authorized by law to practice medicine, osteopathic medicine or veterinary medicine within this State." Based on Dr. Doe's Complaint, Plaintiffs Bowe, Mittleider, and Kelley are all medical doctors in the State of Maine. (Stip. S.M.F. ¶¶ 2-4.) Additionally, these three plaintiffs are also all members of a "professional review committee", and "assisted in performing professional competence review activities" as defined in 24 M.R.S. § 2502(4). (Stip. S.M.F. ¶¶ 2-5.)[1] Likewise, the remaining named entities, St. Mary's Regional Medical Center and St. Mary's Health System, and their parent companies Covenant Health, Inc. and Covenant Health Systems, qualify as health care entities or health care providers covered by Section 2511. *See* 24 M.R.S. §§ 2502(1-D),

---

[1] 24 M.R.S. §§ 2502(4), 2502(4A) broadly define individuals who participate in a "professional competence committee" and a "professional review committee":

"Professional competence committee" means any of the following when engaging in professional competence review activity:

A. A health care entity;
B. An individual or group, such as a medical staff officer, department or committee, to which a health care entity delegates responsibility for professional competence review activity;
C. Entities and persons, including contractors, consultants, attorneys and staff, who assist in performing professional competence review activities; or
D. Joint committees of 2 or more health care entities.

"Professional review committee" means a committee of health care practitioners formed by a professional society for the purpose of identifying and working with health professionals who are disabled or impaired by virtue of physical or mental infirmity or by the misuse of alcohol or drugs, as long as the committee operates pursuant to protocols approved by the various licensing boards that license the health professionals the committee serves.

5

2502(2); (Stip. S.M.F. ¶¶ 6-7.) Thus, each named Plaintiff is eligible for the immunity provided according to 24 M.R.S. § 2511, depending on the nature of the conduct or activity in question.

Similarly, Plaintiffs were engaging in activities covered under Section 2511 when participating in St. Mary's Medical Executive Committee. As enumerated above, Section 2511's three subsections establish the categories of conduct engaged in while serving on a professional competence committee and warranting immunity under the statute: 1) reporting, 2) assisting in preparation, and 3) assisting in duties. 24 M.R.S. § 2511. Dr. Doe's Complaint alleges that Drs. Bowe, Mittleider, and Kelley all participated in the Medical Executive Committee review of her practice of medicine and fitness to practice. (Stip. S.M.F. ¶¶ 2-4, 8.) Dr. Doe further alleges that Drs. Bowe, Mittleider, and Kelley prepared a formal report regarding her practice of medicine. (Stip. S.M.F. ¶¶ 8-9.) These activities are precisely the kinds of activities for which immunity is provided according to Section 2511. Likewise, Plaintiff Brousseau reported a complaint against Dr. Doe regarding the timeliness of her care to a patient, resulting in the professional competence review, and which constitutes "assisting in the duties" of the Medical Executive Committee's review. (Stip. S.M.F. ¶ 5.)

Because Plaintiffs occupy the roles covered by Section 2511 and engaged in the types of conduct covered by Section 2511, they are immune from civil liability. The court must now turn to whether Plaintiffs' immunity from civil liability also renders them immune from the Commission's investigation.

**B. Does immunity from civil liability under 24 M.R.S. § 2511 prevent the Commission's investigation?**

Because they are immune from civil liability regarding their participation in Dr. Doe's professional competence review, the Plaintiffs argue that it necessarily follows that they cannot be forced to participate in the Commission's investigative process. Additionally, Plaintiffs assert in their Complaint that the Commission's investigation is merely "an effort to impose civil liability" because a Commission investigation is a necessary precursor to the Commission's ability to file a formal civil action in Maine Superior Court. *See* 5 M.R.S. § 4612.[2]

The MHRA, originally enacted in 1971, is meant to have broad coverage[3] and states that "[t]o protect the public health, safety and welfare, it is declared to be the policy of this State to keep continually in review all practices infringing on the basic human right to life with dignity, and the causes of these practices, so that corrective measures may, where possible, be promptly recommended and implemented." 5 M.R.S. § 4552. Considering this purpose, the MHRA created the Commission and specified its powers and duties. It provides:

> The commission has the duty of investigating all conditions and practices within the State which allegedly detract from the enjoyment, by each inhabitant of the State, of full human rights and personal dignity. Without limiting the generality of the foregoing, *it has the duty of investigating all forms of invidious discrimination, whether carried out legally or illegally, and whether by public agencies or private persons.* Based on its investigations, it has the further duty to recommend measures calculated to promote the full

---

[2] 5 M.R.S. § 4612 provides the MHRC with the opportunity to commence a civil action by the commission if it finds reasonable grounds to believe that unlawful discrimination has occurred. The complaint and evidence collected during the investigation, other than that designated as confidential, becomes a matter of public record at the conclusion of the investigation of the complaint, prior to a determination by the commission. 5 M.R.S. § 4612(1)(B).

[3] "The legislative history of the Maine Act indicates that it was meant to have very broad coverage." *Maine Human Rights Comm'n v. United Paperworkers Int'l Union,* 383 A.2d 369, 373 (Me. 1978).

7

enjoyment of human rights and personal dignity by all the inhabitants of this State.

5 M.R.S. § 4566 (emphasis added). Italicized above, and crucial to this case, is the declaration that the Commission is tasked with investigating both *legal and illegal* forms of discrimination. *Id.* While Plaintiffs describe the purpose of a Commission investigation narrowly, as a precursor to a civil action, the Commission views its role more broadly.[4] Specifically, the Commission points to its task of investigating both *legal and illegal* forms of discrimination to justify its investigation, despite Plaintiffs' immunity from civil liability. The court agrees with the Commission's reading of the MHRA, finding that it unambiguously assigns the Commission a broader role in protecting human rights than merely acting as one of many checkpoints in pursuit of civil liability.

Likewise, the Commission cites *Tomer v. Me. Human Rights Comm'n.,* to demonstrate that an investigation conducted by it does not affect the parties' legal rights, duties, or privileges, and thus does not impose "civil liability." In *Tomer,* the Commission began investigating, and eventually dismissed, the appellee's complaint after finding it lacked jurisdiction over the internal tribal matters of the Penobscot Nation. 2008 ME 190, ¶ 2, 962 A.2d 335. The appellee filed his appeal pursuant to M.R.Civ.P. 80C, under which a final agency action may be challenged. The Law Court held, however, that the Commission's actions were not appealable as "final agency action" because the Commission's process did not affect the parties' legal rights, duties, or privileges." *Id.* ¶ 14. Instead, the Court viewed the Commission's role as primarily that of an "investigator and conciliator." *Id.* ¶ 12.

---

[4] The Maine Human Rights Act is unambiguous. Nevertheless, were the Court to find MHRA ambiguous in its grant of authority, it would look to legislative intent to determine the statute's proper application. An agency's interpretation of a statute within its area of expertise is provided deference unless it is unreasonable. *Fuhrmann v. Staples Office Superstore East, Inc.,* 2012 ME 135, ¶¶ 29-30, 58 A.3d 1083 ("We have previously deferred to the [MHRC's] expertise and applied its interpretation where we have found the MHRA's language to be ambiguous.")

8

Applying the Law Court's reasoning in *Tomer,* the court acknowledges the Commission's broad mandate to protect Mainer's human rights and to investigate all forms of discrimination, whether that investigation exists in preparation for litigation or not.

Finally, the Commission argues that it only considers civil liability as part of its "reasonable grounds" determination, in which its preliminary investigation aims to determine whether there are reasonable grounds to believe unlawful discrimination has occurred. *See* 5 M.R.S. § 4612(1)(B). In the Commission's view, the reasonable grounds standard exists to establish whether, through the preliminary investigation, sufficient admissible evidence could be or has been discovered to form a reasonable, though not definitive, belief that unlawful discrimination occurred. (Def.'s Opp'n to Pl.'s Mot. Summ. J. 5.)

Conversely, Plaintiffs assert that the Commission's reliance on *Tomer* is misplaced. Plaintiffs place themselves in the position occupied by the Penobscot Nation. Like the recognized tribe, Plaintiffs assert that the Commission lacks jurisdiction over hospitals, at least in the narrow situation of conducting professional competence reviews. In the court's opinion, the statutory basis for the Commission's dismissal of Tomer's claims, and the statutory basis Plaintiffs assert renders them immune from the Commission's investigation, are distinguishable. In *Tomer,* the Commission had previously dismissed the complainant's case on their own accord, and pursuant to 30 M.R.S. § 6206(1). The basis for the Commission's dismissal was that "internal tribal matters. . . shall not be subject to regulation by the State." 30 M.R.S. § 6206(1). A statute preventing all internal tribal matters from regulation of any kind, is intuitively broader in application than the statute providing immunity to *civil liability* under the MHSA. *See* 24 M.R.S. § 2511. Therefore, despite Plaintiffs'

9

immunity from civil liability relating to the Review, that immunity does not extend to the preliminary investigation and discovery of materials by the Commission.

## II. Confidentiality of Professional Review Records Under 24 M.R.S. § 2510-A and 32 M.R.S. § 3296

In addition to immunity from civil liability, Plaintiffs assert that records stemming from professional competence reviews, such as Dr. Doe's Review currently under investigation by the MHRC, are confidential under 24 M.R.S. § 2510-A and 32 M.R.S. § 3296 and therefore protected from disclosure.

### a. Does 24 M.R.S. § 2510-A render records relating to Dr. Doe's professional competence review confidential?

According to Section 2510-A:

Except as otherwise provided by this chapter, all professional competence review records are privileged and confidential and are not subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity and are not admissible as evidence in any civil, judicial, or administrative proceeding.

24 M.R.S. § 2510-A. The MHSA broadly defines "professional competence review records" to include "the minutes, files, notes, records, reports, statements, memoranda, data bases, proceedings, findings and work product prepared at the request of or generated by a professional competence review committee relating to professional competence review activity." 24 M.R.S. § 2502(8). Therefore, barring an exception, records stemming from the Review would be confidential and non-discoverable by the Commission. Nevertheless, an exception to the statute exists.

Among the exceptions to Section 2510-A are "proceedings in which a physician contests an adverse professional review action against that physician" 24 M.R.S. § 2510-A(2). Here, a physician (Dr. Doe) has filed a complaint with the Commission seeking an investigation into whether certain conditions imposed on

10

her at work were the result of various forms of discrimination that allegedly occurred during the Review. In the court's view, the Commission's investigation into Plaintiffs' Review qualifies as a physician contesting an adverse professional review and falls under the exception to Section 2510-A's confidentiality provision.

Instead, Plaintiffs argue that the above exception does not apply because Dr. Doe "has not challenged the merits of a professional competence review through the MHRC process." (Pl.'s Reply to Def.'s Opp. at 4.) Plaintiffs allege that Dr. Doe asked the Commission to independently investigate Plaintiffs' conduct which is different than "contest[ing] a professional competence review." Plaintiffs have made a distinction without a difference. In the State of Maine, the first step in an employment discrimination suit is to file a complaint with the Commission. Because Plaintiffs are immune from civil liability according to 24 M.R.S. § 2511, the Commission's investigatory process provides Dr. Doe with her only available opportunity to contest the alleged discrimination that occurred during her competence review. Further, without access to records from the Review, it is impossible for Dr. Doe or the Commission to know exactly what occurred during the process, and to then challenge the Review on the merits as suggested by Plaintiffs.[5]

Finally, in addition to Section 2510-A's exception, the MHSA also provides that documents relating to professional competence reviews may be provided to a

---

[5] The degree of confidentiality Plaintiffs claim is also disfavored by federal courts. In *Kaplan v. Blue Hill Mem. Hosp.*, the District Court favorably cited *Virmani v. Novant Health, Inc.*, 259 F.3d 284 (4th Cir. 2001) when declining to recognize a medical peer review privilege in a discrimination action even though the records were arguably privileged under state law. The District Court acknowledged that the privilege is designed to promote candor in the peer review process but noted that a plaintiff in a discrimination case "advances important public interests in addition to his personal interests." *Id.* Another factor weighing in favor of federal courts declining to apply Maine's privilege is the availability of a confidentiality order, and the redaction of personally identifiable information regarding any patients. *See Id; Ali v. Long Creek Youth Dev. Ctr.*, No 2:18-cv-001090-JAW, 2019 U.S. Dist. LEXIS 10543, at *11 n.2 (D. Me. Jan. 21, 2019).

government agency without waiving the privilege against disclosure. 24 M.R.S. § 2510(B)(1). Thus, providing the requested documents to the MHRC would not otherwise waive their confidentiality. Likewise, the MHRA also contains a provision that make it plain that documents that are otherwise designated confidential will remain confidential, and not become public records, when provided to the Commission. 5 M.R.S. § 4612((1-A)(I). The applicable exception to Section 2510-A's confidentiality for proceedings contesting adverse professional review actions, paired with the maintenance of the privilege even if provided to the Commission, as well as the confidentiality provision in the MHRA itself, balances the personal and public interest in preventing and remedying invidious discrimination with the need for candor in reviewing physician competence. Therefore, Plaintiffs cannot avoid disclosing relevant documents to the Commission on the basis of 24 M.R.S. § 2510-A.

### b. Are Plaintiffs' professional competence review records protected from disclosure under 32 M.R.S. § 3296?

Finally, Plaintiffs argue that according to 32 M.R.S. § 3296, medical staff review documents are confidential and privileged against discovery "when the reviews are required by state or federal law, rule, or as a condition of accreditation by the Joint Commission on Accreditation of Hospitals or the American Osteopathic Association Committee on Hospital Accreditation or are conducted under the auspices of the state or county professional society to which the physician belongs." 32 M.R.S. § 3296. While it is entirely possible that Plaintiffs' Medical Executive Commission Review was required by state or federal law, such facts were not included in the Stipulated Statement of Material Facts. (*See* Stip. S.M.F.) Rather, Plaintiffs cite to *Agerow v. Weisberg,* in which the Law Court noted that the MHSA requires hospitals to establish at least one professional competence committee. 2018

12

ME 140, ¶ 19, 195 A.3d 1210; *see also* 24 M.R.S. § 2503(A). Thus, while the existence of the committee is required by Maine law, there is no factual basis for the Court to conclude Dr. Doe's competence review itself was required by state or federal law, or an accreditation or professional organization.

Furthermore, even assuming the documents are subject to 32 M.R.S. § 3296, Maine law prioritizes statutes dealing with a subject specifically over another statute dealing with the same subject generally. *Butler v. Killoran,* 1998 ME 147, ¶ 11, 714 A.2d 129. Because 24 M.R.S. § 2510-A specifically deals with the confidentiality of documents relating to physician competence reviews and exceptions thereto, those statutes should be given priority over statutes dealing generally with Maine's Board of Licensure in Medicine. Indeed, from the court's perspective, the provisions of 32 M.R.S. § 3296 were designed to work in tandem with the provisions of 24 M.R.S. §§ 2510 and 2510-A, not to supplant or take precedence over them. Accordingly, the Plaintiffs are not entitled to summary judgment in the form of a declaration relieving them of the responsibility to produce the requested documents to the Commission in furtherance of the investigation under the MHRA, nor are the Plaintiffs entitled to an order enjoining the Commission's investigation. Further, based on the stipulated facts, the Commission has requested the court to instead enter judgment in its favor. Because there are no disputes of material fact, and the court has already determined that the Plaintiffs must comply with the Commission's investigation, the court grants summary judgment in favor of the Commission.

## CONCLUSION

Plaintiffs have moved for summary judgment on the basis that (1) 24 M.R.S. § 2511 provides medical providers and physicians with absolute immunity regarding their participation in professional competence reviews, and (2) records stemming from a professional competence review are confidential according to 24 M.R.S. §

13

2510(A) and 32 M.R.S. § 3296. Although the Plaintiffs have immunity from civil liability, that immunity does not exempt them from the Commission's investigatory process.

The entry is:

The Plaintiffs' Motion for Summary Judgment is DENIED. Summary judgment is entered in favor of the Defendant in accordance with M.R.Civ.P. 56(c).

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: August 13, 2021

William R. Stokes
Justice, Maine Superior Court

Entered on the docket 8/16/2021

14

COVENANT HEALTH INC - PLAINTIFF

Attorney for: COVENANT HEALTH INC
DAVID A STROCK  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

Attorney for: COVENANT HEALTH INC
JONATHAN RUE  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

COVENANT HEALTH SYSTEMS - PLAINTIFF

Attorney for: COVENANT HEALTH SYSTEMS
DAVID A STROCK  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

Attorney for: COVENANT HEALTH SYSTEMS
JONATHAN RUE  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

ST MARYS REGIONAL MEDICAL CENTER - PLAINTIFF

Attorney for: ST MARYS REGIONAL MEDICAL CENTER
DAVID A STROCK  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

Attorney for: ST MARYS REGIONAL MEDICAL CENTER
JONATHAN RUE  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

ST MARYS HEALTH SYSTEM - PLAINTIFF

Attorney for: ST MARYS HEALTH SYSTEM
DAVID A STROCK  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

Attorney for: ST MARYS HEALTH SYSTEM
JONATHAN RUE  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

**DOCKET RECORD**

CHRISTOPHER BOWE DR - PLAINTIFF

Attorney for: CHRISTOPHER BOWE DR
DAVID A STROCK  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

Attorney for: CHRISTOPHER BOWE DR
JONATHAN RUE  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

DEREK MITTLEIDER DR - PLAINTIFF

Attorney for: DEREK MITTLEIDER DR
DAVID A STROCK  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

Attorney for: DEREK MITTLEIDER DR
JONATHAN RUE  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

MED KELLEY DR - PLAINTIFF

Attorney for: MED KELLEY DR
DAVID A STROCK  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

Attorney for: MED KELLEY DR
JONATHAN RUE  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

CINDY M BROUSSEAU  - PLAINTIFF

Attorney for: CINDY M BROUSSEAU
DAVID A STROCK  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600
PORTLAND ME 04101

Attorney for: CINDY M BROUSSEAU
JONATHAN RUE  - RETAINED
LITTLER MENDELSON PC
ONE MONUMENT SQUARE STE 600

PORTLAND ME 04101


vs
THE MAINE HUMAN RIGHTS COMMISSION - DEFENDANT

Attorney for: THE MAINE HUMAN RIGHTS COMMISSION
BARBARA ARCHER HIRSCH  - RETAINED
MAINE HUMAN RIGHTS COMMISSION
51 STATE HOUSE STATION
AUGUSTA ME 04333-0051


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 02/14/2020

## Docket Events:
02/18/2020 FILING DOCUMENT - COMPLAINT FILED ON 02/14/2020

02/18/2020 Party(s):  COVENANT HEALTH INC
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: DAVID A STROCK

02/18/2020 Party(s):  COVENANT HEALTH SYSTEMS
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: DAVID A STROCK

02/18/2020 Party(s):  COVENANT HEALTH INC
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: JONATHAN RUE

02/18/2020 Party(s):  COVENANT HEALTH SYSTEMS
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: JONATHAN RUE

02/18/2020 Party(s):  ST MARYS REGIONAL MEDICAL CENTER
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: DAVID A STROCK

02/18/2020 Party(s):  ST MARYS REGIONAL MEDICAL CENTER
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: JONATHAN RUE

02/18/2020 Party(s):  ST MARYS HEALTH SYSTEM
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: DAVID A STROCK

02/18/2020 Party(s):  ST MARYS HEALTH SYSTEM
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: JONATHAN RUE

02/18/2020 Party(s):  CHRISTOPHER BOWE DR
          ATTORNEY - RETAINED ENTERED ON 02/14/2020

Plaintiff's Attorney: DAVID A STROCK

02/18/2020 Party(s):   CHRISTOPHER BOWE DR
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: JONATHAN RUE

02/18/2020 Party(s):   DEREK MITTLEIDER DR
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: DAVID A STROCK

02/18/2020 Party(s):   DEREK MITTLEIDER DR
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: JONATHAN RUE

02/18/2020 Party(s):   MED KELLEY DR
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: DAVID A STROCK

02/18/2020 Party(s):   MED KELLEY DR
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: JONATHAN RUE

02/18/2020 Party(s):   CINDY M BROUSSEAU
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: DAVID A STROCK

02/18/2020 Party(s):   CINDY M BROUSSEAU
          ATTORNEY - RETAINED ENTERED ON 02/14/2020
          Plaintiff's Attorney: JONATHAN RUE

02/18/2020 Party(s):   THE MAINE HUMAN RIGHTS COMMISSION
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 02/14/2020
          NOT SERVED

03/18/2020 Party(s):   THE MAINE HUMAN RIGHTS COMMISSION
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 03/06/2020
          ACCELTANCE OF SERVICE FOR MHRC

03/18/2020 Party(s):   THE MAINE HUMAN RIGHTS COMMISSION
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 03/16/2020

03/30/2020 ORDER - SCHEDULING ORDER ENTERED ON 03/30/2020
          WILLIAM  STOKES , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

03/30/2020 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 11/30/2020

03/30/2020 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/30/2020
          WILLIAM  STOKES , JUSTICE

03/30/2020 Party(s):   THE MAINE HUMAN RIGHTS COMMISSION
          ATTORNEY - RETAINED ENTERED ON 03/23/2020

Defendant's Attorney: BARBARA ARCHER HIRSCH

04/08/2020 Party(s):   COVENANT HEALTH INC,COVENANT HEALTH SYSTEMS,ST MARYS REGIONAL MEDICAL CENTER,ST
                       MARYS HEALTH SYSTEM,CHRISTOPHER BOWE DR,DEREK MITTLEIDER DR,MED KELLEY DR,CINDY M
                       BROUSSEAU
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 04/07/2020
           Plaintiff's Attorney:  JONATHAN RUE

04/30/2020 Party(s):  THE MAINE HUMAN RIGHTS COMMISSION
           RESPONSIVE PLEADING - ANSWER FILED ON 03/23/2020
           Defendant's Attorney: BARBARA ARCHER HIRSCH

04/30/2020 Party(s):  THE MAINE HUMAN RIGHTS COMMISSION
           RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 04/27/2020
           Defendant's Attorney: BARBARA ARCHER HIRSCH

08/13/2020 Party(s):  COVENANT HEALTH INC,COVENANT HEALTH SYSTEMS,ST MARYS REGIONAL MEDICAL CENTER,ST
                       MARYS HEALTH SYSTEM,CHRISTOPHER BOWE DR,DEREK MITTLEIDER DR,MED KELLEY DR,CINDY M
                       BROUSSEAU
           ORDER - ORDER FAIL FILE ADR NOTICE ENTERED ON 08/11/2020
           WILLIAM  STOKES , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

08/28/2020 Party(s):  COVENANT HEALTH INC
           ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 08/27/2020
           ADR WILL BE WITH JERRY CROUTER ON 9/17/20

09/29/2020 ORDER - REPORT OF ADR CONF/ORDER FILED ON 09/24/2020
           WILLIAM  STOKES , JUSTICE

09/29/2020 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 09/17/2020

10/02/2020 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 10/01/2020
           WILLIAM  STOKES , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

01/04/2021 Party(s):   COVENANT HEALTH INC,COVENANT HEALTH SYSTEMS,ST MARYS REGIONAL MEDICAL CENTER,ST
                       MARYS HEALTH SYSTEM,CHRISTOPHER BOWE DR,DEREK MITTLEIDER DR,MED KELLEY DR,CINDY M
                       BROUSSEAU
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/30/2020
           Plaintiff's Attorney:  DAVID A STROCK
           TO ENLARGE SCHEDULING ORDER DEADLINES

01/04/2021 Party(s):   COVENANT HEALTH INC,COVENANT HEALTH SYSTEMS,ST MARYS REGIONAL MEDICAL CENTER,ST
                       MARYS HEALTH SYSTEM,CHRISTOPHER BOWE DR,DEREK MITTLEIDER DR,MED KELLEY DR,CINDY M
                       BROUSSEAU
           MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/04/2021
           WILLIAM  STOKES , JUSTICE
           COPIES TO PARTIES/COUNSEL                                        DEADLINE FOR
           FILING MOTIONS EXCEPT MOTIONS IN LIMINE SHALL BE EXTENDED TO  1/11/21